IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


EUGENE B. SMITH,
    Petitioner,

vs.                                      Case No.:  3:14cv119/LAC/EMT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 11).  Petitioner responded in opposition to the motion (doc. 19).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

    The procedural background of this case is established by the state court record (doc. 11).[1] Pursuant to a guilty plea, Petitioner was convicted in the Circuit Court in and for Okaloosa County, Florida, Case No. 2008-CF-705, of one count of escape (Count 1), one count of aggravated battery

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 11) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

upon a law enforcement officer (Count 2), and one count of grand theft auto (Count 3) (Exs. C, D, G).  In a judgment rendered August 12, 2008, he was adjudicated guilty and sentenced to 180 months in prison on Count 1, with pre-sentence credit of 138 days, 120 months in prison on Count 2, to run consecutively to his sentence on Count 1, and 60 months in prison on Count 3, to run concurrently with his sentence on Count 2 (Ex. E).  Petitioner did not appeal the judgment.

On March 30, 2009, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I at 1–23).  The state circuit court denied the motion on October 12, 2009 (*id.* at 58–61).  Petitioner appealed the decision to the First DCA, Case No. 1D09-5778 (Ex. H).  On March 29, 2010, the First DCA per curiam affirmed the lower court's decision (Ex. J).  Smith v. State, 31 So. 3d 786 (Fla. 1st DCA 2010) (Table).  The mandate issued April 26, 2010 (Ex. K).

On January 14, 2011, Petitioner filed a petition for writ of habeas corpus in a Louisiana state court (Ex. L).  The Louisiana court transferred the petition to the Okaloosa County Circuit Court (Ex. M).  The state circuit court construed the petition as a Rule 3.850 motion and denied it as untimely on March 1, 2011 (Ex. N).  Petitioner filed a motion for rehearing, stating he wished to withdraw his habeas petition because a prison law clerk had included claims he did not wish to raise (Ex. P at 1–32).  Petitioner stated he wished to file a new post-conviction application raising claims of "fundamental error" (*id.*).  In an order rendered March 29, 2011, the state circuit court granted the motion for rehearing, ordered Petitioner's habeas petition withdrawn, and quashed its order denying the petition (*id.* at 33–34).  On April 14, 2011, Petitioner filed a Rule 3.850 motion (*id.* at 36–64). The state circuit court denied the motion as untimely on June 24, 2011 (*id.* at 102–03).  Petitioner appealed the decision to the First DCA, Case No. 1D11-4530 (Exs. O, Q).  On April 16, 2012, the First DCA per curiam affirmed the lower court's decision (Ex. S).  Smith v. State, 90 So. 3d 280 (Fla. 1st DCA 2012) (Table).  The mandate issued July 3, 2012 (Ex. V).

On November 20, 2012, Petitioner filed a motion to correct sentencing error, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. X at 1–25).  The state circuit denied the motion as untimely and successive (*id.* at 28–30).  Petitioner appealed the decision to the First DCA, Case No. 1D13-60 (Exs. W, Y).  On March 5, 2013, the First DCA per curiam affirmed the

lower court's decision (Ex. AA). Smith v. State, 109 So. 3d 788 (Fla. 1st DCA 2013) (Table). The mandate issued April 2, 2013 (Ex. BB).

On January 14, 2013, Petitioner filed another Rule 3.800(a) motion (Ex. DD at 1–4). In an order rendered January 30, 2013, the state circuit court dismissed the motion without prejudice as facially insufficient (*id.* at 7). Petitioner filed another Rule 3.800(a) motion on March 18, 2013 (*id.* at 8–18). The court denied the motion (*id.* at 21–22). Petitioner appealed the decision to the First DCA, Case No. 1D131-2908 (Exs. CC, EE). On October 15, 2013, the First DCA per curiam affirmed the lower court's decision (Ex. GG). Smith v. State, 138 So. 3d 443 (Fla. 1st DCA 2013) (Table). The mandate issued November 13, 2013 (Ex. HH).

Petitioner filed the instant habeas action on March 7, 2014, raising three grounds for relief:

Ground one: Conflicting jurisdictional issue. Florida has no jurisdiction in this case. Smith was a prisoner in Houston, Texas being held for transport to Georgia for violating probation. The only state with jurisdiction in this case is Georgia, and possibly Texas, because Smith was in fact incarcerated in Texas. For Florida to have jurisdiction the prisoner must be confined in a Florida facility or facility under contract with Florida. No legal authority exists to validate Fla. jurisdiction.

Ground two: Double jeopardy. In a pre-emptive measure, prisoner/Defendant/ plaintiff claims the potential for double jeopardy to exist if in fact the charges in Fla. are dismissed/dropped due to jurisdictional issue based on Constitutional law that states a person shall only be put in jeopardy one time for any charge(s) against him.

Ground three: Sentencing error. Besides assuming illegal jurisdiction to prosecute, Florida has also pronounced an illegal sentence on prisoner not only for not having jurisdiction to do so but also by pronouncing a concurrent portion of the sentence to begin 15 years after the sentence began.

(doc. 1 at 4–5).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 11 at 3–4). Petitioner does not argue that a different statutory trigger applies (*see* doc. 19). The judgment and sentence in Petitioner's case was rendered August 12, 2008. That judgment became final thirty (30) days later, on September 12, 2008.[2] *See* Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Hampton v. State, 837 So. 2d 611 (Fla. 5th DCA 2003) (when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered); Davis v. State, 693 So. 2d 700 (Fla. 2d DCA 1997) (judgment and sentence become final when 30-day period to file notice of appeal expires); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires). Applying the finality trigger of § 2244(d)(1)(A), the statute of limitations began to run on September 13, 2008, the day after the

---

[2] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal. In the instant case, the written order imposing the judgment and sentence was rendered August 12, 2008. *See* Fla. R. App. P. 9.020(h) (order is rendered when signed, written order is filed with clerk of lower tribunal). The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on August 13, 2008. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was September 12, 2008.

Case No.:  3:14cv119/LAC/EMT

30-day period for Petitioner to file a direct appeal expired.[3]  See Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Petitioner had one year from that date, or until September 13, 2009, to file his § 2254 petition.  See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).  Petitioner did not file his federal petition on or before September 13, 2009; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a tolling motion (his Rule 3.850 motion) on March 30, 2009, after **198 days** of the federal limitations period expired.  The motion was pending until April 26, 2010, upon issuance of the First DCA's mandate.  See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  The federal limitations period recommenced the next day, on April 27, 2010, and expired on October 11, 2010 (**198 days + 167 days = 365 days**).  Petitioner's post-conviction applications filed after October 11, 2010, did not toll the limitations period because they were filed after it had expired.  See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (any post-conviction applications filed after the one-year federal limitations period expired do not toll the limitations period, because there was no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

---

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the federal limitations period began to run on September 13, 2008.

Case No.: 3:14cv119/LAC/EMT

Petitioner alleges he is entitled to equitable tolling of the federal limitations period (doc. 19 at 3–4). "Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying "the exercise of a court's equity powers must be made on a case-by-case basis" (internal quotation marks and ellipsis omitted)). The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal citation and quotation marks omitted); *see* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts") (internal quotation marks omitted). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted). A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing. *Id.* (citation omitted).

Here, Petitioner alleges he has been pursuing his rights diligently but did not discover the legal issues set forth in his § 2254 petition until "a few weeks back," which prompted him to file the

instant petition (*id.* at 4). He alleges the court's dismissing his petition "knowing that their [sic] is constitutional misconduct is truly inherently wrong" (*id.*).

Petitioner's late discovery of the legal issues asserted in his § 2254 petition is not a rare and exceptional circumstance. *See, e.g.,* Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting habeas petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition"); *see also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for fifteen days, entitled petitioner to equitable tolling of limitations period); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (habeas petitioner's pro se status and ignorance of the law are not "'rare and exceptional' circumstances because they are typical of those bringing a § 2254 claim."); DeLeon v. State of Fla. Dep't of Corr., 470 F. App'x 732, 734 (11th Cir. 2012) (unpublished) ("The lack of a legal education [and] the absence of legal counsel in this collateral context . . . do not excuse a failure to file a § 2254 petition in a timely fashion."). Because Petitioner does not allege the existence of any extraordinary factual circumstance that prevented him from filing a timely § 2254 petition, he is not entitled to equitable tolling.

III. CONCLUSION

Petitioner's § 2254 petition was filed after the one-year limitations period expired. He has failed to demonstrate that tolling principles render his petition timely, or that he is entitled to review of his claims through a recognized exception to the time bar. Therefore, Respondent's motion to dismiss is due to be granted, and the federal petition dismissed as time-bared.

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

Case No.: 3:14cv119/LAC/EMT

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 11) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of November 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).